In re MOORE.

(District Court, D. Vermont. April 2, 1901.)

BANKRUPTCY—VOID ATTACHMENT LIEN—ORDER FOR PRESERVATION.

An attachment lien against a bankrupt's property, void under Bankr. Act 1898, § 67f, unless ordered preserved pursuant thereto, will not be so ordered on application of the trustee merely to displace a claimed chattel mortgage lien on the same property, and defeat it without good cause, but the liens will be left to stand or fall on their respective merits in their several places.

In Bankruptcy.

Frank E. Thompson, for petitioner.
Jonathan Ross, for petitionee.

WHEELER, District Judge. The laws of the state provide for chattel mortgages, and for verification of the debt by affidavit appended to the mortgage, and:

"V. S. § 2255. If such mortgage is given to indemnify the mortgagee against liability assumed, or to secure the fulfilment of an agreement other than the payment of a debt due from the mortgagor, such liability or agreement shall be stated specifically in the condition of the mortgage, and the affidavit shall be so varied as to verify the validity and justice of such liability or agreement."

April 15, 1891, the bankrupt, a liveryman, executed to Henry Fairbanks a mortgage, with description of property as:

"All my livery property, consisting of horses, wagons, sleighs, vehicles, harnesses, robes, blankets, etc.; also all horses and other livery property that I may purchase in my business or acquire by exchange."

The condition was:

"If I well and truly pay or cause to be paid to the said Henry Fairbanks all that I now owe him or may owe him hereafter by note, book account, or in any other manner, and shall well and truly save the said Henry Fairbanks harmless and indemnified from paying any commercial paper on which he has become or may hereafter become holden in any manner for my benefit as surety, indorser, or otherwise, then this deed shall be void; otherwise," etc.

The affidavit was:

"We severally swear that the foregoing mortgage is made for the purpose of securing the debt and other liability specified in the condition thereof, and the contemplated loans and liability, and for no other purpose whatever, and that the same is a just debt, honestly due and owing from the mortgagor to the mortgagee, and the other liability is honest, and the contemplated liability is for the honest purpose of enabling the grantor to obtain money for use in his livery business."

May 8, 1900, John H. Ryan caused some of the originally mortgaged and the after-acquired livery property, with some other property, of the bankrupt, to be attached by copy in the town clerk's office, made by statute equivalent to possession, and caused one Harriman, a debtor of the bankrupt, to be summoned, as a trustee of the bankrupt, in a suit now pending to recover a debt of $304. May 16, 1900, Fairbanks caused an officer under a state statute, with consent of the bankrupt, to foreclose the mortgage by taking possession of all the livery property on the mortgage, and advertising it, and June 4th

selling it for $1,016.95, which, after paying expenses of $94.87, was applied upon this account of debts secured by the mortgage:

Herbert E. Moore to H. Fairbanks, Dr.

Settled to Mar. 31, 1898, by final payment Oct., 1898.

| | | |
|---|---|---:|
| May 22, 1899. | To 13⅔ months' rental, @ $15................ | $ 204 90 |
| " " " | " 6 extra horses, 50c each................ | 40 98 |
| May 22, 1900. | Interest 1 year, $245.88..................... | 14 75 |
| " " " | 12 months' rental, @ $15................ | 180 00 |
| | " 6 extra horses, 50c each............. | 36 00 |
| | | $ 476 63 |
| May 22, 1900. | Paid protested note at 1st Nat'l Bank............. | 526 27 |
| | | $1,002 90 |
| Feb. 9, 1900. | By $40 and interest, received.................... | 40 68 |
| | Amount due May 22, 1900........................ | $ 962 22 |

The mortgagor was adjudged a bankrupt on his own petition July 3, 1900. The trustee has received $250 from the debtor summoned as trustee in Ryan's suit. This is a petition by the trustee, on notice to and appearance by Fairbanks, for an order that Ryan's attachment may be preserved as a lien for the benefit of the estate in bankruptcy. It is held in this state that possession of after-acquired property under a mortgage is good as of the date of the mortgage against an assignee in insolvency. Peabody v. Landon, 61 Vt. 318, 17 Atl. 781. The object is to avoid the effect of Fairbanks' possession under his mortgage of the after-acquired property. Being within four months of the bankruptcy, the attachment is wholly void as to Ryan and as to all others, unless so ordered to be preserved. Bankr. Act, § 67f. The lien can be only such as Ryan would have if it had not been avoided as to him by the bankruptcy proceedings, which would amount to only $304, the amount of his claim, and costs; and the costs would have to be paid to enforce the lien. His lien covered as well the debt of Harriman as the livery property. He could have but one satisfaction, and it can be preserved for the benefit of the estate for no more. As the trustee has received $250, there remains but $54 as the extent to which the lien can be preserved by the order sought. Whether the trustee can treat the lien as void in part and be entitled to have it preserved by order of court in part, or can only have it all one way or all the other, is not clear. None of the debts or liabilities on which the mortgage was foreclosed appear to have existed till more than six years after the mortgage was given, and but $245.88 of it till well within four months before the bankruptcy proceedings; and whether a chattel mortgage, as such, can be good to cover such wholly future debts or liabilities, or be made good for that purpose by possession given under it as against a trustee in bankruptcy, does not appear to have been settled. It would be good between the parties, and so would a pledge, at any time; but, if what would make it good took place within four months of the bankruptcy proceedings, it might become wholly void by Bankr. Act, § 67e; and this foreclosure might be void as a levy "through legal proceedings," under section 67f. The trustee might be embarrassed about enforcing the provisions of the act making the mortgage lien or the foreclosure proceedings void in

his own name, and enforcing Ryan's lien by attachment, if it should be preserved here, in the sheriff's name, on the same property, at the same time. The spirit of the bankrupt act does not lead to the destruction of lawful liens, and its provisions should not be used to displace one by another for the purpose of defeating it without good cause. Under the circumstances it is thought to be most proper and just that these liens be left to stand or fall upon their respective merits in their several places. Petition dismissed.